UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Jervon Rodriguez Clark, #236671, | ) | C/A No. 3:06-3243-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Stan Burtt, Warden, Lieber | ) | |
| Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Jervon Rodriguez Clark is an inmate of the South Carolina Department of
Corrections ("SCDC"). Petitioner petitions this court for a writ of habeas corpus under 28 U.S.C. §
2254 alleging ineffective assistance of counsel under the Sixth Amendment. The petition was filed
on November 17, 2006.

Petitioner was found guilty by a jury in Anderson County of murder and possession of a
firearm or knife during the commission of a violent crime and was sentenced by Circuit Judge Don
Rushing to a life sentence for murder and five years for possession of a firearm, to run concurrently.
Petitioner appealed on the sole basis of whether the trial judge erred in "refusing to advise defense
counsel before the defense rested whether the jury would be instructed as to voluntary manslaughter."
The appeal was dismissed, and the petitioner's *pro se* petition for rehearing was denied.[1] Rehearing
was denied by the appellate court and the remittitur was issued on December 23, 1998.

---

[1] In his *pro se* petition for rehearing, Petitioner contended that a mistrial should have been
granted regarding the juror who was not excused but who had been in the room where a news account
relating to a prior incident involving him was shown on television.

1

Petitioner filed an application for post-conviction relief (PCR)[2] which was denied by order of Judge J.C. Nicholson, Jr., dated July 17, 2003. Petitioner filed a Petition for Writ of Certioriari with the South Carolina Supreme Court from the order denying post-conviction relief, and the Petition was denied. Petitioner filed the within petition for writ of habeas corpus on November 17, 2006.

Respondents filed a motion for summary judgment in the case at bar on March 23, 2007. United States Magistrate Judge Joseph R. McCrorey issued an order filed April 3, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. On May 16, 2007, petitioner filed a response to respondents' motion for summary judgment.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 this matter comes before the court with the Report and Recommendation ("R&R") of United States Magistrate Judge Joseph R. McCrorey filed January 23, 2008. This court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b).

Based on a review of the record, the Report concluded that summary judgment should be granted. The Magistrate Judge advised petitioner of the procedures and requirements for filing objections to the report. On March 4, 2008[3], petitioner filed his objections to the Report. Petitioner

---

[2] One of the issues raised in the PCR was whether counsel was ineffective for failing to renew his motion for mistrial at the conclusion of the case.

[3] The objections are timely due to two extensions of time granted by the Court and under the prison mailbox rule.

2

argues that he is entitled to relief on the merits of his petition.

### Ineffective Assistance of Counsel

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. *McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970). In the case of *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first prong, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness under prevailing professional norms." *Id*. at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Turner v. Bass*, 753 F.2d 342, 348 (4th Cir. 1985), *quoting Strickland, rev'd on other grounds* 476 U.S. 28 (1986). In meeting the second prong, a complaining defendant must show that he was prejudiced before being entitled to reversal: "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694-695. The Supreme Court clarified the meaning of prejudice in *Lockhart v. Fretwell*, 506 U.S. 364 (1993), holding that an appropriate inquiry for prejudice is a consideration "whether the result of the proceeding was fundamentally unfair or unreliable." Accordingly, a reviewing court should not "set aside a conviction or sentence solely because the outcome would have been different but for counsel's error." *Williams v. Taylor*, Nos. 98-14, 98-16, 1998 WL 883336 (4th Cir. 1998), quoting *Lockhart* at 369-70.

3

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal habeas court must determine whether the state court's decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."28 U.S.C. § 2254(d)(1). The court's analysis should center on whether the state courts properly applied the *Strickland* test. *See Williams v. Taylor*, 529 U.S. 362 (2000) ("*Strickland* test provides sufficient guidance for resolving virtually all ineffective assistance of counsel claims.").

Petitioner asserts in his objections that counsel was ineffective in failing to renew his motion for mistrial at the close of the case, based on a juror's exposure to a news broadcast regarding the petitioner's prior charge of murder.

On the third day of the trial, defense counsel stated outside the presence of the jury that a newspaper article in the Anderson Independent discussed a previous charge against the petitioner for the murder of his father during a gunfight in an Anderson bar, where he was not convicted based on self-defense. A news report also ran on television concerning the prior incident. The trial judge excused two jurors who had seen the newspaper article. A third juror, Ms. Hutchins, stated that she was helping her sister with homework and that she saw a short segment on television with a photograph of the defendant. She further stated, "I didn't hear anything. The only thing that I saw was the picture of the defendant." (App. P. 324-325). The trial judge directed juror Hutchins not to discuss the colloquy with the judge concerning her, which had occurred outside the presence of the other jurors, with the other jurors or to discuss the television broadcast with them. However, the judge did not excuse Juror Hutchins. Defense counsel then moved for a mistrial, which was denied.

4

The PCR court found that, since the petitioner "did not put up a case, and nothing substantive occurred between Counsel's motion and the conclusion of the case" and, even had he renewed the motion at the close of the case it would most likely have been denied, the petitioner suffered no prejudice in counsel's failure to renew the motion for mistrial at the close of the case.

The Magistrate Judge recommended a finding that Petitioner has not shown that he would have been successful on appeal in challenging the denial of the mistrial, even if the motion had been renewed at the close of the Petitioner's case, and that therefore counsel was not ineffective in failing to renew the mistrial motion. The appropriate standards regarding exposure by jurors to media reports were set forth by the Fourth Circuit Court of Appeals in *Wells v. Murray*, 831 F.2d 468, 471-472 (4th Cir. 1987):

> It is firmly established that a defendant . . . is entitled to a fair trial, free from publicity that prejudices jurors against the defendant at its outset. See *Irvin v. Dowd*, 366 U.S. 717, 722 (1961) ("the right to jury trial guarantees to the criminally accused a fair trial by a panel of impartial, 'indifferent' jurors") . . . Jurors, however, are presumed to be impartial, absent indications to the contrary. The existence of a juror's preconceived notion as to the guilt of the accused will not by itself destroy the presumption of impartiality. . . Only in extreme circumstances may prejudice to a defendant's right to a fair trial be presumed from the existence of pretrial publicity itself. . ."

When pretrial publicity raises a "strong possibility" of juror bias, the trial judge should engage in voir dire of the juror. "It is the defendant's responsibility to demonstrate a strong possibility of jury bias. He must show, through adequate voir dire, that he was denied his right to a fair trial before a panel of unbiased jurors."*Id.*, 831 F.2d at 472.

In the case at bar, the Petitioner has failed to show that the state court's determination is contrary to, or an unreasonable application of, clearly established law or is based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). It is not entirely clear, as argued by the respondents, that it was necessary for trial counsel to renew the motion for mistrial at the close of the evidence in

5

order to preserve the issue for appeal. However, even if counsel should have done so, the grant or denial

of a motion for mistrial is reviewed by South Carolina courts under an abuse of discretion standard.

*See State v. Washington*, 315 S.C. 108, 432 S.E.2d 448 (1992). The burden is on the moving party to

show error in denying the mistrial and resulting prejudice.  *State v. Tuckness*, 257 S.C. 295, 185 S.E.2d

607 (1971).  The Court has reviewed the record and finds that the state trial court and post-conviction

review court reasonably applied *Strickland* in denying relief.

### Conclusion

The court has reviewed the Report, objections, pleadings, memoranda, and applicable law.  The

court overrules all objections and adopts the Report and Recommendation and incorporates it herein

by reference.  Accordingly, respondents' motion for summary judgment is **GRANTED**.

**IT IS SO ORDERED.**


s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

March 24, 2008
Florence, SC

6